IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELISA REYES SIERRA,

   Plaintiff,

vs.                                 CIVIL NO. 97-2908(JAG)

UNIVERSITY OF PUERTO RICO,
RIO PIEDRAS CAMPUS,

   Defendant.

**REPORT AND RECOMMENDATION**

The present action is before this Magistrate Judge pursuant to referral by Honorable Judge Jay A. García Gregory of Defendant's Motion for Summary Judgment (Docket #17), their Reply to Plaintiff's Opposition (Docket #35), a Supplemental Motion for Summary Judgment (Docket #41) and a Reply to Plaintiff's Opposition (Docket #45). These motions have all been opposed by the Plaintiff. (Docket #25 and 42, respectively). Defendant avers that since there are no material facts in dispute in the present case, summary judgment should be granted in favor of the University of Puerto Rico. Defendant's argument is essentially based on the Eleventh Amendment immunity, which impedes the Plaintiff from maintaining a cause of action under the Age Discrimination in Employment Act ("ADEA") against the state, and thus this Court would lack subject matter jurisdiction to entertain the controversy. For the reasons expressed below, Defendant's motion for summary judgment should be GRANTED, and the case should be DISMISSED.



AO 72
(Rev 8/82)

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 2

## FACTUAL BACKGROUND

The Plaintiff, Elisa Reyes Sierra, obtained a Bachelor's degree in Business Administration, a Juris Doctor, and a Master's degree in Public Administration from the University of Puerto Rico. From August 1982 until the second semester of 1994, she was hired by the University of Puerto Rico as a professor under a part-time contract to work at the Department of Business and Mercantile Law ("the Department"). At the time of her hiring, she fulfilled the requirements of her position. The Plaintiff's service contract was renewed on a semester-by-semester basis until May 1994. During that time she taught mostly as a part-time instructor, although from January 1991 through June 1993 she was assigned a full-time schedule.

During the late 1980's the University began to inform their employees of a series of changes in the recruitment guidelines. A letter was issued where it was established that recruitment opportunities would be favored for those professors who possessed a Ph.D. or who were seeking one. Another of these informative letters established that as a minimum, professors to be recruited should have a Master's Degree with a major in the subject to be taught. Further, by 1992, the Director of the Department at that time, held a meeting to inform faculty members that the University was offering money to those professors who were interested in pursuing doctoral studies. The changes in recruiting requirements responded mainly to the Department's desire to obtain the accreditation by the American Assembly of Collegiate Schools of Business Administration ("AACSB").

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 3

Due to certain circumstances at the Department, from 1991 until 1993 the Plaintiff worked on a full-time basis. First, Reyes was assigned to teach the courses of a professor who had been temporarily assigned to two (2) special projects. She was also assigned to teach courses that were regularly taught by a professor who at the time was pursuing her Ph.D. studies. Reyes also came to teach courses that had been previously taught by another professor who was demonstrating performance problems.

The Department had been able, by 1993, to successfully recruit professors with a Ph.D. or who were interested in pursuing their doctoral studies. Also, various professors with current and recent experience in the area of business administration and human resources had been hired. Consequently, Reyes' course load changed too. Reyes was informed by the Administrative Assistant of the Department that she would be assigned to teach two (2) courses, which had been her normal course load during the time she worked for the University. Following that semester she was given one (1) course to teach. Finally, during the last semester of 1994 her contract was not renewed.

Given all of the above, the Plaintiff, through a series of letters and meetings with the Personnel Committee of the Department, discussed the changes that her course load had been suffering. Reyes was informed of the reasons for which her program had been reduced; and which later resulted in the non-renewal of her contract, to wit: the amount of students in the Department had decreased; less sessions of courses were being offered; the faculty was in the process of inviting persons who were currently occupying management or consulting positions, as well as persons with a Ph.D. or with an interest in

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 4

pursuing such studies; and the service contract did not guarantee future contracts because they were subject to the curricular and institutional needs of the University at specific points in time. As a result, Reyes filed a complaint against the University essentially alleging that the reasons that were given for the non-renewal of her contract were a pretext to conceal an age discrimination animus that was hidden in its determination.

Based on this allegation, the Defendant filed a Motion for Summary Judgment essentially alleging that there was insufficient evidence to establish that the Plaintiff had been discriminated because of her age. The Plaintiff opposed this motion basically by stating that there were issues of fact in controversy in that Reyes' contract had not been renewed because of her age. Then, during the interim of these proceedings, the United States Supreme Court resolved a case that was pending on the same issue as the one on hand, Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631 (2000). Thus, the Defendant presented a Supplemental Motion for Summary Judgment incorporating Kimel's holding which would preclude an ADEA claim to be brought against the Defendant. Reyes opposed the motion by stating that the Supreme Court's case had no retroactive application or that in the alternative the case should be remanded.

## II. PROCEDURAL STANDARD

The applicable standard to Defendant's Motion for Summary Judgment, Supplemental Motion for Summary Judgment, and Reply to Plaintiff's Opposition to Motion

AO 72
(Rev 8/82)

for Summary Judgment and Opposition to Supplemental Motion for Summary Judgment is the standard established in Rules 56(c) and 12(b) of the Federal Rules of Civil Procedure.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505 (1986); Lipsett v. University of Puerto Rico, 864 F. 2d 881, 894 (1st Cir. 1988). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. Anderson, 477 U.S. at 248; Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F. 2d 179, 181 (1st Cir. 1989). A material issue is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. Anderson, 477 U.S. at 248; Boston Athletic Ass'n v. Sullivan, 867 F. 2d 22, 24 (1st Cir. 1989).

In determining whether summary judgment is appropriate, the Court must review the record in the light most favorable to the party opposing the motion to indulge all justifiable inferences favorable to that party. De Novellis v. Shalala, 124 F. 3d 298, 306 (1st Cir. 1997); Dubois v. U.S. Department of Agriculture, 102 F. 3d 1273, 1284 (1st Cir. 1996) cert. denied, 521 U.S. 1119 (1997). The party filing a motion for summary judgment bears the initial burden of proof to show "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986); Le Blanc v. Great American Insurance Co., 6 F. 3d 836, 841 (1st Cir. 1993). The burden then shifts to the non-movant to affirmatively show, through the filing of supporting

affidavits or otherwise, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575 (1968); Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F. 3d 23, 25 (1st Cir. 1997). In discharging this burden, the non-movant may not rest upon mere allegations or denials of the pleadings. Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986) ("[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts."). On issues where the non-movant bears the ultimate burden of proof, it must present definite, competent evidence to rebut the evidence put forth by the moving party. Anderson, 477 U.S. at 256-57.

The First Circuit has repeatedly endorsed the entry of summary judgment in discrimination cases. See e.g., De Novellis, 124 F. 3d at 306; Serrano-Cruz, 109 F. 3d at 25; Medina Muñoz v. R.J. Reynolds Tobacco Co., 896 F. 2d 5 (1st Cir. 1990). The District Court for the District of Puerto Rico has also followed this well-settled trend of endorsing summary judgment in discrimination cases. See e.g., Alegre v. Schering Plough del Caribe, Inc., 975 F. Supp. 153 (D.P.R. 1997); Vázquez González v. K-Mart Corp., 940 F. Supp. 429 (D.P.R. 1996); Pérez Ortiz v. Supermercados Amigos, Inc., 964 F. Supp. 607 (D.P.R. 1997); Hidalgo v. Overseas-Condado Ins. Agencies, Inc., 929 F. Supp. 555 (D.P.R. 1996).

On the other hand, dismissal grounds for lack of subject matter jurisdiction are governed by Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, Rule 12(b) provides in its pertinent part the following:

AO 72
(Rev 8/82)

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 7

(b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over subject matter, ... Fed. R. Civ. P. 12 (b)(1).

When considering a motion to dismiss "[t]he district court must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs. *Royal v. Leading Edge Products,* 833 F. 2d 1, 1 (1st Cir. 1987)." Viqueira v. First Bank, 140 F. 3d 12, 16 (1st Cir. 1998). However, since federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. Instead, the movant is the one that carries the burden of demonstrating the existence of jurisdiction in any particular case. Aversa v. United States, 99 F. 3d 1200, 1209 (1st Cir. 1996); Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995); Id. Finally, it must be noted that "[d]ismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question. Railway v. Labor Executives' Ass'n v. Guilford Transp. Indus., Inc., 989 F. 2d 9, 11 (1st Cir. 1993)." Muñíz Cortés v. Intermedics, Inc., 229 F. 3d 12, 14 (1st Cir. 2000).

### III. ANALYSIS/DISCUSSION

A.  Plaintiff is precluded from presenting an ADEA claim against the University.

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 8

Defendant correctly alleges that Plaintiff is barred from asserting a claim under ADEA because such claim is foreclosed by the immunity provided under the Eleventh Amendment of the United States Constitution. 1 U.S.C. Const. Amend. XI.

The Eleventh Amendment bars suits from being brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to being sued. The Eleventh Amendment has also been interpreted to bar suits for monetary relief against the agencies or instrumentalities of a state and against its officers in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099 (1985); Culebra Enterprises Corp. v. Rivera Ríos, 813 F. 2d 506, 516 (1st Cir. 1987). Moreover, the United States Supreme Court has recently held that the abrogation of the Sovereign Immunity of the states by the Age Discrimination in Employment Act is invalid. Kimel, 528 U.S. at 62. The decision has also been adopted and followed by the United States Court of Appeals for the First Circuit. See Laro v. New Hampshire, No. 00-1581, 2001 WL 869138 (1st Cir. August 6, 2001); Parker v. Universidad de Puerto Rico, 225 F. 3d 1, 8 (1st Cir. 2000); Jusino Mercado v. Commonwealth of Puerto Rico, 214 F. 3d 34, 38 (1st Cir. 2000); Sheehan v. Marr, 207 F. 3d 35, 42 (1st Cir. 2000).

Thus, in the present case, the immunity provided to the states against whom ADEA claims have been presented would be applicable to the University of Puerto Rico only if it can be considered an instrumentality of a state for purposes of the Eleventh Amendment. With regard to this topic, we must begin by stating that it has already been determined that the Commonwealth of Puerto Rico is considered a state for purposes of

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 9

the Eleventh Amendment. Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Authority, 991 F. 2d 935, 939 n.3 (1st Cir. 1993); De León López v. Corporación Insular de Seguros, 931 F. 2d 116, 121 (1st Cir. 1991).

Furthermore, the First Circuit Court of Appeals and the District Court of Puerto Rico have consistently determined that the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico and as such is protected from suit in federal courts by the Eleventh Amendment. See Pinto v. Universidad de P.R., 895 F. 2d 18 (1st Cir. 1990) ("University is an arm of the state within the purview of the Eleventh Amendment ... [that the] University cannot be held liable for damages is clear."); Pérez v. Rodríguez Bou, 575 F. 2d 21, 25 (1st Cir. 1978) ("[The] University is sufficiently an arm of the state, ... to be immune from damage suits under the Eleventh Amendment."); Vizcarrondo v. Board of Trustees of University of Puerto Rico, 139 F. Supp. 198 (D.P.R. 2001); Llewellyn-Waters v. University of Puerto Rico, 56 F. Supp. 2d 159 (D.P.R. 1999); Dogson v. University of Puerto Rico, 26 F. Supp. 2d 341, 343-44 (D.P.R. 1998); Silva v. Universidad de Puerto Rico, 817 F. Supp. 100, 105 (D.P.R. 1993); Nogueras v. Universidad de Puerto Rico, 890 F. Supp. 60 (D.P.R. 1995); Amelunxen v. University of Puerto Rico, 637 F. Supp. 426, 434 (D.P.R. 1986).

Given that the Commonwealth of Puerto Rico is considered a state for purposes of the Eleventh Amendment, and that courts have repeatedly recognized that the University of Puerto Rico is an instrumentality of the state, we are forced to conclude that the University is protected by the sovereign immunity that the Amendment provides.

AO 72
(Rev 8/82)

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 10

Furthermore, given Kimel's holdings, we are forced to conclude that no ADEA claim can be brought against the University of Puerto Rico in a federal court.

To oppose this conclusion, the Plaintiff erroneously alleges that Kimel's holding does not apply retroactively to the captioned case and that in the alternative, the case should be remanded to the state court. First, in Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 113 S.Ct. 2510 (1993), it was held that when the Supreme Court adopts a rule of federal law, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the court's] announcement of the rule." Id. at 86-87. Evidence of this is the fact that the United States Supreme Court in Kimel applied its ruling to the parties of the case. Therefore, under the Harper test, the holding of Kimel has retroactive application. Butler v. New York State Department of Law, 211 F. 3d 739, 745 (2nd Cir. 2000).

The First Circuit Court of Appeals has also consistently applied this principle. In Mills v. State of Maine, 118 F. 3d 37, 49 (1st Cir. 1997), the court analyzed a similar situation concerning the retroactive application of the Supreme Court's decision in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114 (1996). In Seminole Tribe, the Supreme Court decided that Congress cannot exercise its Article 1 power to abrogate the States' Eleventh Amendment immunity from suit in federal courts. Based on that decision the State of Maine requested the dismissal for lack of subject matter

jurisdiction of an overtime claim filed by some employees under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219.

The plaintiff in Mills argued that the application of the holding of Seminole Tribe applied retroactively to all cases that were properly pending in the federal district courts. Mills, 118 F. 3d at 49. Additionally, the Court recognized the well-settled principle that where there is an issue dealing with a matter that regulates the court's jurisdiction, there is no conceivable bar to the retroactive application of a new judicially declared rule. Id. at 50.

Moreover, in Vizcarrondo, the United States District Court for the District of Puerto Rico resolved a case very similar to the one at hand. There, the plaintiff presented, among others, an ADEA claim for monetary damages against several members of the Board of Trustees of the University of Puerto Rico. Although the case originated in 1999, four (4) months after the Kimel decision, the defendant filed a Motion to Dismiss alleging that Kimel's holding precluded the continuation of the action that had been brought against the Board of Trustees in a federal court. There, the Court did not hesitate in applying Kimel's holdings and dismissed the ADEA claim for monetary damages against the Board of Trustees concluding that they were shielded by the Eleventh Amendment immunity. In view of the above, plaintiff's arguments regarding the non-retroactive application of Kimel's holding is without merit.

Inasmuch as Plaintiff's first argument is incorrect, her request to remand is also without any merit. Alternatively, the plaintiff suggests that it is "the obligation of the district

court, *sua sponte*, to remand a case to [a] state court when it appears that the district court lacks jurisdiction over the subject matter. [Wood v. Home Insurance Co.], 305 F. Supp. 937, [(]D.C. Cal. 1969 [)]." See page 3 of Plaintiff's "Opposition to Supplemental Motion for Summary Judgment and Memorandum of Law in Support Thereof." (Docket #42). However, Wood is inapplicable to the case at hand. Contrary to the present case which is before this Court under original jurisdiction, Wood was removed from a state court, and it was for that reason that the remand was appropriate.       Evidently, the plaintiff has failed to acknowledge that under 28 U.S.C. § 1447 (c), for a case to be remanded, it is a condition precedent that it first have been removed from a state court to a federal court by the defendant in those cases where federal jurisdiction would allow the presentation of the claim in the federal forum. Since this case was originally filed in the United States District Court for the District of Puerto Rico and not removed from the state court, the Plaintiff is precluded from requesting that the case be remanded. Furthermore, the plaintiff only requested remedies under the ADEA, no supplemental claim was ever included. In cases of original jurisdiction such as the one at hand, the procedural mechanism for a case that lacks subject matter jurisdiction is dismissal under Fed. R. Civ. P. 12(b)(1), and not a remand under 28 U.S.C. § 1447(c).

In accordance with all of the above, it is clear that it is a well-settled principle that the University of Puerto Rico is an "arm" of the Commonwealth of Puerto Rico, and as such is protected by the Eleventh Amendment. Since Kimel held unconstitutional the application of the ADEA to states and local governments protected by the Eleventh

Report and Recommendation
Elisa Reyes Sierra v. Univ. of P.R.
Civil No. 97-2908(JAG)
Page 13

Amendment, we are forced to conclude that the University of Puerto Rico is protected against any private suit arising under the ADEA. Furthermore, there is no doubt that the application of Kimel's holding is to be retroactively applied. Thus, this court lacks jurisdiction to examine the claim presented.

As such, Federal Rule of Civil Procedure 12(h)(3) clearly establishes that the only course of action a federal court has when it lacks subject matter jurisdiction is the dismissal of the claims presented. In its pertinent part, the rule states that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Mills, 118 F. 3d at 51-52. Therefore, plaintiff's cause of action under ADEA should be DISMISSED with prejudice.

## IV. CONCLUSION

Pursuant to the above discussion, the Magistrate Judge concludes that the Plaintiff is barred by the Eleventh Amendment to pursue her suit against the University of Puerto Rico.

IT IS SO ORDERED.

Under the provisions of Rule 510.2, Local Rules, District Court of Puerto Rico, any part who objects to this Report and Recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of receipt. The written objections must specifically identify the portion of the recommendation, or report to which objection is

AO 72
(Rev 8/82)

made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See <u>Davet v. Maccarone</u>, 973 F. 2d 22, 30-31 (1st Cir. 1992); <u>Borden v. Secretary of Health & Human Servs.</u>, 836 F. 2d 4, 6 (1st Cir. 1987); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F. 2d 603 (1st Cir. 1980).

In San Juan, Puerto Rico, this 31st day of August, 2001.

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE